**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CYNTHIA SUTTLE,

        Plaintiff,

v.                              Case Number: 15-12871

MICHIGAN DEPARTMENT OF
CORRECTIONS,

        Defendant.
                            /

**ORDER SUMMARILY DISMISSING COMPLAINT**

Pending before the court is Plaintiff Cynthia Suttle's *pro se* civil rights Complaint filed under 42 U.S.C. § 1983.  (Dkt. # 1.)  Plaintiff is incarcerated at the Huron Valley Correctional Facility in Ypsilanti, Michigan.  (*Id.* at Pg. ID 1.)  She seeks money damages and injunctive relief.  (*Id.* at Pg. ID 3-4.)  Plaintiff names a single defendant, the Michigan Department of Corrections (MDOC) in her Complaint.  (*Id.* at Pg. ID 1.) She claims that she fell and injured herself while working at her prison job because of unsafe working conditions.  (*Id.* at Pg. ID 3.)  Plaintiff cannot maintain a § 1983 action against the MDOC because it is immune from suit under the Eleventh Amendment.  The court summarily dismisses the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

**I.  STANDARD**

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(2), (3).  The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it

rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)).  While this notice pleading standard does not require "detailed" factual allegations, *Twombly*, 550 U.S. at 555, it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (*quoting Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.*  (*quoting Twombly*, 550 U.S. at 557).

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action.  (Dkt. # 4.)  Under the Prison Litigation Reform Act ("PLRA"), the court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the court is required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b).  A complaint is frivolous if it lacks an arguable basis in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim, a plaintiff must allege that: (1) she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of

the United States, and (2) the deprivation was caused by a person acting under color of state law.  *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978).  A *pro se* civil rights complaint is to be construed liberally.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II.  DISCUSSION

Plaintiff alleges that she suffered fractured ribs and injuries to her leg and back when she fell while working at her prison job.  She claims that an unsafe work environment caused this accident.  She names a single defendant, the MDOC.

"[T]he MDOC is not a 'person' within the meaning of 42 U.S.C. § 1983."  *Parker v. Mich. Dept. of Corr.,* 65 F. App'x. 922 (6th Cir. 2003).  States and their departments are immune under the Eleventh Amendment from suit in federal courts if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute.  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984).  Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the state of Michigan has not consented to civil rights suits in federal court.  *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013).  As such, the complaint will be dismissed.

## III.  CONCLUSION

For the reasons set forth above, the court concludes that Plaintiff's Complaint (Dkt. # 1) seeks relief from an entity that is immune from such relief.  Accordingly,

IT IS ORDERED that the complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B).

       S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated:  October 27, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 27, 2015, by electronic and/or ordinary mail.

                                    S/Lisa Wagner
                                  Case Manager and Deputy Clerk
                                  (313) 234-5522